**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)                                    *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ROBERT FEIN,** | : | Civil Action No. |
| 2098 Julia Drive | : | |
| Conshohocken, PA 19428 | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Complaint and Jury Demand |
| | : | |
| **MEDIANEWS GROUP,** | : | |
| 149 Penn Avenue | : | |
| Scranton, PA 18503 | : | |
| | : | |
| 101 West Colfax Avenue | : | |
| Denver, CO 80202 | : | |
| Defendant. | : | |

**CIVIL ACTION**

Plaintiff, Robert Fein (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against MediaNews Group (hereinafter "Defendant"), for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

**THE PARTIES**

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, MediaNews Group is a newspaper publisher with a location at 149 Penn Avenue, Scranton, PA 18503 and corporate headquarters located at 101 West Colfax Avenue, Denver, CO 80202.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein

pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Middle District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because some of the Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted his administrative remedies under Title VII, the ADEA and the PHRA.

13. Plaintiff timely filed a Complaint of Discrimination ("Complaint") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging religious and age discrimination and retaliation against Defendant.

14. The Complaint was assigned Charge Numbers of 530-2024-01211 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated December 14, 2023. Plaintiff received the notice by electronic mail.

16. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of his receipt of his Right to Sue in this matter.

18. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

3

## MATERIAL FACTS

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. Plaintiff was born in 1957 and is Jewish.

21. Plaintiff worked at Times-Shamrock Communications, Inc. prior to his employment with Defendant.

22. In or around August 2023, Defendant acquired the newspaper groups owned by Times-Shamrock Communications, Inc.

23. As a result of the acquisition, Defendant offered Plaintiff employment for the position of Vice President of Sales with a new employment agreement.

24. On or around September 1, 2023, Plaintiff accepted the job offer and became the Vice President of Sales at Defendant.

25. Plaintiff was well qualified for his position and performed well.

26. In or around mid-September 2023, Edward Condra, Senior Publisher and President of the Pennsylvania region, verbally questioned Plaintiff, asking when Plaintiff when he was going to retire and how long Plaintiff intended to work.

27. Plaintiff felt that Condra attempted to pressure and push him into retirement.

28. Plaintiff opposed the unlawful act of age discrimination and responded to Condra that he wanted to continue working and had no intention to retire.

29. Also in the same conversation, Condra questioned Plaintiff about his religion.

30. Plaintiff told Condra that he was Jewish.

31. Condra responded to Plaintiff, saying something to the effect of, "Oh, you are Jewish. That's why you are in sales as your people are good with money."

32. This was blatant religious discrimination.

33. On or around September 27, 2023, Defendant and Condra terminated Plaintiff without cause.

34. Plaintiff was approximately 65 years old at the time of his termination.

35. Defendant then replaced Plaintiff with Jim Feher (mid-50's), Vice President of Advertising, who is significantly younger than Plaintiff.

36. Defendant's articulated reason for Plaintiff's termination is pretextual.

37. Defendant discriminated against Plaintiff based on his age.

38. Defendant terminated and replaced Plaintiff based on his age and in retaliation against him for his opposition to the unlawful age discrimination in the workplace, in violation of the ADEA and the PHRA.  Defendant also discriminated against Plaintiff based on his religion in violation of Title VII and the PHRA.

### COUNT I – RELIGIOUS DISCRIMINATION
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

39. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

40. Plaintiff is a member of protected classes in that his religion is Judaism.

41. Plaintiff was qualified to perform the job for which he was hired.

42. Plaintiff suffered adverse job actions, including, but not limited to termination.

43. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

44. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

45. Defendant discriminated against Plaintiff on the basis of his religion.

46. No legitimate, non-discriminatory reasons exist for the above cited adverse employment

actions that Plaintiff suffered.

47. The reasons cited by Defendant for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II – RELIGIOUS DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

48. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

49. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of his religion (Judaism).

50. As a result of Defendant's unlawful religious discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT III – AGE DISCRIMINATION
## AGE DISCRIMINATION IN EMPLOYMENT ACT

51. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

52. Plaintiff was born in 1957.

53. Plaintiff was qualified to perform the job.

54. Defendant treated younger employees more favorably than Plaintiff.

55. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

56. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

57. Defendant refused to select Plaintiff based on his age.

58. As a result of Defendant's unlawful age discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT IV – AGE DISCRIMINATION
### PENNSYLVANIA HUMAN RELATIONS ACT

59. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

60. Plaintiff was born in 1957.

61. Plaintiff was qualified to perform the job.

62. Defendant treated younger employees more favorably than Plaintiff.

63. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

64. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

65. Defendant refused to select Plaintiff based on his age.

66. As a result of Defendant's unlawful age discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT V – RETALIATION
### AGE DISCRIMINATION IN EMPLOYMENT ACT

67. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

68. Plaintiff engaged in activity protected by the ADEA in the form of opposing age

discrimination.

69. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

70. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT VI – RETALIATION
## PENNSYLVANIA HUMAN RELATIONS ACT

71. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

72. Plaintiff engaged in activity protected by the PHRA in the form of opposing age discrimination.

73. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

74. There exists a causal connection between Plaintiff's participation in the protected activity and the adverse employment action.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Robert Fein, requests that the Court grant her the following relief against Defendant:

(a) Compensatory damages;

(b) Punitive damages;

(c) Liquidated damages;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of Title VII, the ADEA and the PHRA.

(j) Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

9

|  |  | **RESPECTFULLY SUBMITTED,** |
|---|---|---|
|  |  | **KOLLER LAW, LLC** |
| Date: March 13, 2024 | **By:** | */s/ David M. Koller* |
|  |  | David M. Koller, Esquire (90119) |
|  |  | Jordan D. Santo, Esquire (320573) |
|  |  | 2043 Locust Street, Suite 1B |
|  |  | Philadelphia, PA 19103 |
|  |  | 215-545-8917 |
|  |  | davidk@kollerlawfirm.com |
|  |  | jordans@kollerlawfirm.coom |
|  |  | *Counsel for Plaintiff* |